LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

ABEL BATEN,
*on behalf of himself, FLSA Collective Plaintiffs,*
*and the Class*,

|  |  |
|---|---|
| Plaintiff, | Case No.: |
|  | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | **Jury Trial Demanded** |

MR. KABOB RESTAURANT INC.
        d/b/a RAVAGH PERSIAN GRILL,
FIRST AVENUE PERSIAN GRILLE, INC.
        d/b/a RAVAGH PERSIAN GRILL,
PARMYS KABOB AND GRILL, INC.
        d/b/a RAVAGH PERSIAN GRILL,
RAVAGH RESTAURANT CORP.
        d/b/a RAVAGH PERSIAN GRILL,
MASOUD TEHRANI,
MONIREH TEHRANI,
MOJGAN RAOUFI and
AMIR RAOUFI,

        Defendants.
_____

        Plaintiff, ABEL BATEN (hereinafter, "Plaintiff"), on behalf of himself and others

similarly situated, by and through his undersigned attorney, hereby files this Class and Collective

Action Complaint against Defendants, MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL, FIRST AVENUE PERSIAN GRILLE, INC. d/b/a RAVAGH PERSIAN GRILL, PARMYS KABOB AND GRILL, INC. d/b/a RAVAGH PERSIAN GRILL, RAVAGH RESTAURANT CORP. d/b/a RAVAGH PERSIAN GRILL ("Corporate Defendants"), MASOUD TEHRANI, MONIREH TEHRANI, MOJGAN RAOUFI and AMIR RAOUFI ("Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, including those resulting from an improperly claimed tip credit, (3) unreimbursed expenses of "tools of the trade" and maintenance/repair costs, (4) liquidated damages and (5) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, he and Class members are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, including those resulting from an improperly claimed tip credit, (3) unpaid spread of hours premium, (4) unreimbursed expenses of "tools of the trade" and maintenance/repair costs, (5) liquidated damages and statutory penalties and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.     Plaintiff, ABEL BATEN, is a resident of Bronx County, New York.

6.     Defendants operate a restaurant enterprise under the trade name "Ravagh Persian Grill," at the following locations:

      (a)     11 East 30th Street, New York, New York 10016 ("Midtown");

      (b)     1135 First Avenue, New York, New York 10065 ("Upper East Side") and

      (c)     125 First Avenue, New York, New York 10003 ("East Village")

 (collectively, the "Restaurants"). The Upper East Side location was formerly located at 1237 First Avenue, New York, New York 10021, and moved to its current location at 1135 First Avenue, New York, New York 10065 in or around 2014. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose. The Restaurants are a family business, commonly owned and operated by Individual Defendants. The Midtown location was the first to open in 1998 by the Tehrani family. The Restaurants operate under the same trade name and serve similar menu items and are all categorized as Persian cuisine restaurants. The Restaurants are advertised and marketed jointly on the website ravaghrestaurants.com (see **EXHIBIT A**, a screenshot of the Ravagh Persian Grill website showing their existing locations). In addition, supplies and employees are interchangeable between the Restaurants.

7.     Defendants operate the Restaurants through the following Corporate Defendants:

      (a)     Corporate Defendant MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 11 East 30th Street, New York, New York 10016. Defendants operate Ravagh Persian Grill's

3

"Midtown" restaurant location through Corporate Defendant MR. KABOB RESTAURANT INC.

(b)     Corporate Defendant FIRST AVENUE PERSIAN GRILLE, INC. d/b/a RAVAGH PERSIAN GRILL is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 1135 First Avenue, New York, New York 10026. Defendants operate Ravagh Persian Grill's "Upper East Side" restaurant location through Corporate Defendant FIRST AVENUE PERSIAN GRILLE, INC.

(c)     Corporate Defendant PARMYS KABOB AND GRILL, INC. d/b/a RAVAGH PERSIAN GRILL is a domestic business corporation organized under the laws of New York, with a principal place of business located at 125 First Avenue, New York, New York 10003 and an address for service of process located at c/o Mojgan Raoufi, 1628 Second Avenue, #4C, New York, New York 10028. Defendants operate Ravagh Persian Grill's "East Village" restaurant location through Corporate Defendant PARMYS KABOB AND GRILL, INC.

(d)     Corporate Defendant RAVAGH RESTAURANT CORP. d/b/a RAVAGH PERSIAN GRILL is a domestic business corporation organized under the laws of New York, with a former principal place of business located at 125 First Avenue, New York, New York 10021 and an address for service of process located at c/o Ravagh Restaurant Corp., 350 East 67th Street, New York, New York 10021. Defendants operated Ravagh Persian Grill's former Upper East Side restaurant location through Corporate Defendant RAVAGH RESTAURANT CORP.

8.     Individual Defendants:

(a)      Individual Defendant MASOUD TEHRANI is an owner and equity interest holder of Corporate Defendants MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL and he is a co-principal of Corporate Defendants FIRST AVENUE PERSIAN GRILLE, INC. d/b/a RAVAGH PERSIAN GIRLL and RAVAGH RESTAURANT CORP. d/b/a RAVAGH PERSIAN GRILL. MASOUD TEHRANI exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Throughout Plaintiff's employment with Defendants, Individual Defendant MASOUD TEHRANI visited the Midtown location at least once a week and directly supervised him. At all times, employees could complain to MASOUD TEHRANI regarding any of the terms of their employment, and MASOUD TEHRANI would have the authority to effect any changes to the quality and terms of employees' employment. MASOUD TEHRANI ensured that employees effectively serve customers and that the business is operating efficiently and profitably. MASOUD TEHRANI exercised functional control over the business and financial operations of all Corporate Defendants.

(b)      Individual Defendant MONIREH TEHRANI is the chief executive officer of Corporate Defendants MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL and a co-principal of Corporate Defendants FIRST AVENUE PERSIAN GRILLE, INC. d/b/a RAVAGH PERSIAN GIRLL and RAVAGH RESTAURANT CORP. d/b/a RAVAGH PERSIAN GRILL. MONIREH TEHRANI exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii)

determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. MONIREH TEHRANI exercised functional control over the business and financial operations of all Corporate Defendants.

(c)      Individual Defendant MOJGAN RAOUFI is a co-principal of Corporate Defendant PARMYS KABOB AND GRILL, INC. d/b/a RAVAGH PERSIAN GRILL. MOJGAN RAOUFI exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. MOJGAN RAOUFI exercised functional control over the business and financial operations of all Corporate Defendants.

(d)      Individual Defendant AMIR RAOUFI is a co-principal of Corporate Defendant PARMYS KABOB AND GRILL, INC. d/b/a RAVAGH PERSIAN GRILL. AMIR RAOUFI exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. AMIR RAOUFI exercised functional control over the business and financial operations of all Corporate Defendants.

9.      At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

10.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek.  A subclass of tipped employees has a claim for unpaid minimum wages, including those from improperly deducted tip credit, and unreimbursed expenses of "tools of the trade" and maintenance/repair costs. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of waiters, bussers, and delivery persons ("Tipped Subclass") who also number more than forty (40). Plaintiff ABEL BATEN is a member of both the Class and the Tipped Subclass.

17.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper minimum wages, (ii) failing to pay overtime compensation, (iii) failing to pay spread of hours premium, (iv) failing to provide wage statements per requirements of the New York Labor Law, and (v) failing

to provide wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law. With regard to Plaintiff ABEL BATEN and the Tipped Subclass, Defendants failed to pay them the proper minimum wage because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the New York Labor Law. Plaintiff ABEL BATEN and the Tipped Subclass suffered from Defendants' failure to pay minimum wage due to Defendants' invalid tip credit allowance because Defendants (i) claimed a tip credit that exceeded the statutory amount permissible, (ii) claimed a tip credit even when tips were insufficient to bring Plaintiff ABEL BATEN and the Tipped Subclass up to the statutory minimum wage rate, (iii) failed to properly provide tip credit notice at hiring and annually thereafter, (iv) claimed a tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (v) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (vi) failed to accurately keep track of daily tips earned and maintain records thereof. In addition, Defendants illegally retained 13% of tips earned by delivery persons through online delivery orders for the administrative fee of online delivery websites. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

9

19.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c)     At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d)     Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

(e)     Whether Defendants improperly paid Plaintiff and Class members on a fixed salary basis, when New York law requires that all non-exempt employees be paid on an hourly basis;

(f)     Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

(g)     Whether Defendants paid Plaintiff and Class members the proper minimum wage under the New York Labor Law;

(h)     Whether Defendants provided proper notice to Plaintiff and the Tipped Subclass members that Defendants were taking a tip credit;

(i)       Whether Defendants provided proper wage statements informing Plaintiff and the Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

(j)       Whether Defendants took the proper amount of tip credit allowance from Plaintiff and the Tipped Subclass members under the New York Labor Law;

(k)       Whether Defendants required Plaintiff and the Tipped Subclass members to perform non-tipped work for more than 20 percent of their workday;

(l)       Whether Defendants kept daily records of tips earned by Plaintiff and the Tipped Subclass members;

(m)       Whether Defendants improperly withheld tips from Plaintiff and Class members by illegally retaining portions of tips earned by the Tipped Subclass members;

(n)       Whether Defendants failed to remit to Plaintiff and the Tipped Subclass members tips in its entirety for orders made through Seamless Web;

(o)       Whether Defendants paid the "spread of hours" premium owed to Plaintiff and Class members working more than ten hours per day as required by New York Labor Law;

(p)       Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(q)       Whether Defendants provided proper wage and hour notices to Plaintiff and Class members, at date of hiring and annually, per requirements of the New York Labor Law.

## STATEMENT OF FACTS

22.       In or around November 2009, Plaintiff ABEL BATEN, was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' Ravagh

Persian Grill "Midtown" restaurant located at 11 East 30th Street, New York, New York 10016. Plaintiff BATEN worked for Defendants until on or about October 15, 2016.

23.    Throughout his employment with Defendants, Plaintiff BATEN was regularly required to transfer produce, ingredients and supplies among Defendants' Restaurants, including the "Upper East Side" and "East Village" locations.

24.    Throughout his employment with Defendants, Plaintiff BATEN regularly worked seventy-two (72) hours per week as follows: from 11:00a.m. to 11:00p.m., for six (6) days a week. Plaintiff BATEN was required to work without any lunch break on a daily basis. Other non-exempt employees at the Restaurants worked similar schedules.

25.    From the start of Plaintiff BATEN's employment with Defendants until the end of May 2012, Plaintiff was paid a fixed salary of $230 per workweek, regardless of actual hours worked. This amounted to an hourly rate of approximately $3.19, which is below the prevailing New York "tip credit" minimum wage. From in or around June 2012 until on or about October 15, 2016, Plaintiff BATEN was paid a fixed salary of $240 per workweek, regardless of actual hours worked. Throughout this employment period, this amounted to an hourly rate of approximately $3.33, which is below the prevailing New York "tip credit" minimum wage. Plaintiff BATEN's tips averaged $280 per workweek, and including his daily fixed salary, at all times, he received a straight time hourly rate of approximately $7.08 to $7.22 per hour, which is below the Federal and State minimum wage. There was never any understanding that the fixed weekly salary was intended to cover any overtime hours worked by Plaintiff BATEN. Other non-exempt employees were similarly paid on an illegal fixed salary basis and were not compensated for their proper minimum wages and for their overtime premium of time and a half for all hours worked over forty. As for the Tipped Subclass at the Restaurants, they were paid below the

minimum wage because (i) Defendants claimed an invalid tip credit and (ii) even assuming a valid tip credit, their regular rate of pay was lower than even the minimum rate required. Busboys were compensated with only their tips and were not paid a base salary.

26.     Throughout his employment with Defendants, Plaintiff was paid entirely in cash and did not receive any wage statements from Defendants. Other Class members at the Restaurants similarly did not receive wage statements.

27.     Based on Plaintiff's direct observations and conversations with other employees at Defendants' Restaurants, all FLSA Collective Plaintiffs and Class members worked similar hours and were paid similarly on an illegal fixed salary basis.

28.     At all relevant times, Defendants paid Plaintiff, FLSA Collective Plaintiffs and the Class at regular rates below the prevailing minimum wage in violation of the FLSA and NYLL.

29.     Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members did not receive any notice that Defendants were claiming a tip credit. Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members did not receive notice informing them that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Defendants further failed to keep track of daily tips earned and maintain records thereof and failed to provide proper wage statements informing Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members of the amount of tip credit taken for each payment period. Defendant further illeally deducted 13% from tips earned by delivery persons to pay the administrative fee assessed by Defendants' online delivery vendor, Seamless web.

30.     During his employment with Defendants, Plaintiff BATEN was required to spend at least 20 percent of his workday, or at least 2 hours daily, engaged in non-tipped activities.

These activities included transferring ingredients and supplies between Defendants' restaurant locations, preparing salad, cleaning the restaurant, stocking the refrigerators, and sweeping and mopping the restaurant. Based on Plaintiff's direct observations and conversations with other employees, FLSA Collective Plaintiffs and Tipped Subclass members similarly spent at least 20 percent of their workday, or at least 2 hours daily, performing non-tipped activities.

31.     Defendants failed to reimburse Plaintiff for his "tools of the trade" and maintenance/repair costs. Specifically, Plaintiff was never provided with a means of transportation to make his deliveries. Plaintiff was forced to purchase his own bike, which cost approximately $500, and pay for its maintenance and repairs, which was an average cost of approximately $50 per month. Plaintiff was also required to purchase his own vest and basket to carry his deliveries. Delivery persons employed by the Defendants suffered a similar harm.

32.     At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NYLL.

33.     At all times, Plaintiff and Class members regularly worked days that exceed ten hours in length, but Defendants unlawfully failed to pay Plaintiff and Class members the spread of hours premium for workdays that exceed ten hours in length.

34.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage and hour notices or wage statements as required by NYLL. In fact, Defendants paid Plaintiff and Class members entirely in cash and failed to provide them with any wage statements.

35.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate

(of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

36.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff, FLSA Collective Plaintiffs and Class members. Defendants were not entitled to claim any tip credits under FLSA or NYLL.

37.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and Class members, in violation of the NYLL.

38.     Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and Class members, in violation of the NYLL.

39.     Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and Class members at the beginning of employment and annually thereafter, in violation of the NYLL.

40.     Plaintiff retained Lee Litigation Group, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

41.     Plaintiff realleges and reavers Paragraphs 1 through 40 of this Class and Collective Action Complaint as if fully set forth herein.

42.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

43.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

44.     At all relevant times, Corporate Defendants had gross revenues in excess of $500,000.

45.     At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked. Defendants were also not entitled to claim any tip credits under the FLSA.

46.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

47.     Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

48.     Defendants knowingly and willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights under the FLSA by failing to reimburse them for "tools of the trade" and maintenance/repair costs.

49.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs

intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory minimum wage rate and overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

51.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

52.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

53.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs in an amount not presently ascertainable of unpaid minimum wage and overtime compensation, plus an equal  amount as liquidated damages.

54.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

55.     Plaintiff realleges and reavers Paragraphs 1 through 54 of this Class and Collective Action Complaint as if fully set forth herein.

56.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

57.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

58.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked. Defendants were not entitled to claim any tip credits.

59.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay "spread of hours" premium to them for each workday that exceeded ten (10) or more hours.

60.      Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and Class members, in violation of the New York Labor Law.

61.     Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and Class members at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

62.     Defendants willfully violated Plaintiff's and Class members' rights by paying them on a salary basis, in violation of the New York Labor Law because they are non-exempt employees who must be paid on an hourly basis.

63.     Defendants knowingly and willfully violated Plaintiff's and the Tipped Subclass members' rights by failing to reimburse them for "tools of the trade" and maintenance/repair costs.

64.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, unpaid minimum wages, unpaid "spread of hours"

premium, unreimbursed "tools of the trade" costs, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.  An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.  An award of unpaid "spread of hours" premium due under the New York Labor Law;

f.  An award of unreimbursed expenses for "tools of the trade" and maintenance/repair costs.

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

h.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

i.     An award of statutory penalties, and prejudgment and postjudgment interest;

j.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated: December 12, 2016


                              Respectfully submitted,
                    By:   __*/s/ C.K. Lee*_____
                              C.K. Lee, Esq. (CL 4086)

                              LEE LITIGATION GROUP, PLLC
                              C.K. Lee (CL 4086)
                              Anne Seelig (AS 3976)
                              30 East 39th Street, Second Floor
                              New York, NY 10016
                              Tel.: 212-465-1188
                               Fax: 212-465-1181
                              *Attorneys for Plaintiff,*
                              *FLSA Collective Plaintiffs and the Class*

21